**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**WILLIE LEE SHAW, JR.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:07CV-P97-R**

**RANDY ROBINSON *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION

Plaintiff, Willie Lee Shaw, Jr., filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this action in its entirety.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate previously incarcerated at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. Plaintiff has filed the instant action against the following KSP employees in both their official and individual capacities: Guard Randy Robinson, Guard Larry McGehee, Guard Harlan Martin, Guard Dereck Roberts, and Guard Richard Little. Plaintiff has also sued KSP inmates James Hunter, James Rollins, and William Osborne.

Plaintiff alleges:

> On 15 June 2007, Sgt. Harlan Martin came here to the 3-11R-18 cell and did ransack this cell completely allowing Richard Little to ransack totally all my property. Martin did not actually enter this cell, but stood holding me by the handcuffs and allowing Richard Little to destroy all my personal property and scatter all my property totally. Randy Robinson came to this cell and did totally lie on a write-up to show his support for another guard Larry McGehee, as Larry McGehee showing his support of Randy Robinson.
>
> Inmates James Hunter, James Rollins and William Osborne in cell 3-12R-16 all beat on nearby walls and ceilings to try preventing me from entering this lawsuit, for the previous month (until presently).
>
> The Warden Thomas Simpson is totally aware of the following: in cell

> house 3-14 left the so call “nut-walk” is illegal (as the Jail at Paducah City Hall) because there is absolutely no source, nor any means for direct or indirect sunlight available to prisoners housed there. . . . The only light source there is florescent lights.

Plaintiff is seeking five million dollars in compensatory damages and five million dollars in punitive damages from each Defendant in addition to an injunction prohibiting Defendants from violating his civil rights.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, “only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.” *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*,

454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III. ANALYSIS

### A. Official Capacity Damages Claims

Plaintiff's official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff's official capacity claims for damages against Defendants must be dismissed.

### B. Injunctive Relief Claims

Since filing this complaint Plaintiff has been transferred from KSP to the Little Sandy Correctional Complex in Sandy Hook, Kentucky. An inmate's claim for injunctive relief

regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Here, Plaintiff is seeking injunctive relief against employees of KSP. However, Plaintiff is no longer incarcerated at that institution. It is clear that Plaintiff would derive no benefit from granting the requested relief, and his injunctive claims must be dismissed.

**C. Failure to Identify Any Constitutional Right Allegedly Violated By Defendants**

To state a claim under 42 U.S.C. § 1983, a plaintiff "must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of . . . law." *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000). Here, Plaintiff does not identify any constitutional or federal right that was violated by Defendants' actions. He merely appears to be upset about them.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Accordingly, because Plaintiff has failed to cite to any constitutional provision Defendants have allegedly violated, the Court will dismiss this action for failure to state a claim. The Court notes, however, that Plaintiff has filed nearly identical claims in this Court in which he did identify numerous alleged constitutional violations. *See Shaw v. Worley et al.*, No. 5:07CV-P35-R; *Shaw v. McGehee* et al., No. 5:07CV-P87-R. Those actions have each been dismissed on the merits on initial screening.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: August 22, 2007

**Thomas B. Russell, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
4413.008